IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM T. SHERROD, JR. #75874, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 3:24-cv-01484 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| f/n/u FUSON, *Montgomery County Sheriff*, ) | MAGISTRATE JUDGE HOLMES |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner William T. Sherrod, Jr., an inmate of the Montgomery County Jail in Clarksville, Tennessee, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Petitioner also has filed Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2), a "Motion for Appropriate Action, Summary Judgment, Accelerated Docket, Sua Sponte Review or Immediate Review" (Doc. No. 12), an amended petition for writ of habeas corpus (Doc. No. 14), a "Motion for Mixed Action" (Doc. No. 15), and a "Supplement of Facts" (Doc. No. 18).

The Court will begin with Petitioner's IFP Application. Along with the application, Petitioner has filed supporting documentation as is required by Rule 3(a)(2) of the Rules Governing Section 2254 Cases. (Doc. Nos. 8, 16, 17). It appears from Petitioner's submissions that he does not have sufficient financial resources to pay the filing fee. Therefore, Petitioner's IFP Application (Doc. No. 2) is **GRANTED**.

Petitioner's "Motion for Appropriate Action, Summary Judgment, Accelerated Docket, Sua Sponte Review or Immediate Review" (Doc. No. 12) is not signed and therefore not compliant with the applicable rule. *See* Fed. R. Civ. P. 11(a) (requiring all parties not represented by an

attorney to personally sign every filing submitted to the court). Thus, the Court cannot consider it. However, even if Petitioner had signed the motion, the Court would not grant it. This case must proceed like every other non-capital habeas case. Petitioner is not entitled to expedited review. The motion (Doc. No. 12) is **DENIED**.

In Petitioner's "Motion for Mixed Action" (Doc. No. 15), as best the Court can discern, he asks the Court to consider challenges to judgments of multiple courts (in two different states) in the instant habeas case. However, Rule 2(e) of the Rules Governing Section 2254 Cases prohibits a petitioner from challenging the judgments of multiple courts in a single habeas petition: "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Thus, to the extent Petitioner's motion requests permission to challenge the judgments of a Tennessee state court and an Illinois state court in a single habeas petition, Petitioner's request is denied.

In his "Motion for Mixed Action" Petitioner also asks this Court to remove his (presumably Tennessee) state-court criminal prosecution to federal court and "to remove him from the [presumably Montgomery] county jail to the federal holding facility of the District of this Court . . . ." (Doc. No. 15 at PageID# 77). Under federal law, state criminal proceedings may be removed to federal court only in rare circumstances. *State of Michigan v. Lewis*, No. 24-10151, 2024 WL 303878, at *1 (E.D. Mich. Jan. 25, 2024). There are two federal statutes that set forth those (rare) circumstances in which such removal is authorized. Petitioner invokes only the second of these.

Under 28 U.S.C. § 1442, which Petitioner does not invoke, federal officers may remove criminal prosecutions against them in certain circumstances. *See Mesa v. California*, 489 U.S. 121 (1989). Sherrod does not allege that he is an officer of the United States. 28 U.S.C. § 1442a allows

removal of some criminal actions against members of the armed forces. Sherrod does not allege that he was a member of the armed forces at the time of the relevant offenses.

Under 28 U.S.C. § 1443, which Petitioner does invoke, also allows removal of criminal cases under certain circumstances. First, the removing party must show denial of a right "under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citation omitted). "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id*. (citation omitted).

Petitioner does not allege violations of a federal right to racial equality. He does not allege any Tennessee law or policy precluding him from enforcing his rights. which do not appear to be present here. Thus, the circumstances authorizing removal under 28 U.S.C. § 1443 do not appear to be present here.

In summary, Petitioner's motion does not set forth a basis for his state criminal case to be heard by a federal court. The matter falls clearly within the jurisdiction of the state courts, and not a federal district court. Therefore, his request for removal is denied. Petitioner may assert his federal defenses in the state courts, and, if unsuccessful, may seek a writ of certiorari in the United States Supreme Court.

In summary, both of Petitioner's apparent requests for relief in his "Motion for Mixed Action" (Doc. No. 15) are without merit, so that motion is **DENIED**.

Finally, after conducting a preliminary review of Petitioner's initial (Doc. No. 1) and amended (Doc. No. 14) Section 2254 petitions under Rule 4, Rules – Section 2254 Cases, it is not readily apparent that Petitioner is not entitled to relief.[1] Consequently, Respondent is **ORDERED**

---

[1] The Court so concludes despite noting that the petition casts doubt on whether Petitioner has exhausted his remedies in state court as required to maintain this federal habeas action. In particular, the petition states

to file an answer, plead, or otherwise respond to the amended petition in conformance with Rule 5, Rules — § 2254 Cases, within 60 days of the date of entry of this Order.

By the same date, Respondent also shall file the complete state court record relevant to this matter, including the complete trial court record, the complete record on direct appeal, and the complete trial and appellate court record in connection with any state petition for collateral relief including, but not limited to, transcripts for all proceedings and rulings on any state petition. *See* Habeas Rules 5(c) & (d). Respondent's notice of filing shall include a comprehensive index indicating the precise location of each distinct part of the relevant record (*e.g.*, plea proceedings, pre-trial hearing transcripts, voir dire, each portion of trial testimony, trial exhibits, jury instructions, verdict, each party's briefs at each level of appeal, each court's final ruling on appeal and collateral proceedings, etc.). The record shall be organized and appropriately indexed, and distinct parts of the record should be electronically bookmarked for ease of reference in identifying documents relevant to the state court proceedings.

If Respondent files an answer, the answer must comply with the requirements set forth in Habeas Rule 5. The answer shall address each alleged ground for relief and shall be fully briefed with citations to the state court record and to governing Supreme Court precedent. For each claim, the answer shall, at a minimum: (1) assert any procedural defenses; (2) identify the clearly established Supreme Court precedent governing the claim; (3) state whether the claim was exhausted in state court; (4) cite the state court's ruling for exhausted claims; and (5) respond to Petitioner's argument that he or she is entitled to habeas relief on the claim with appropriate reasoned legal and factual argument. Failure to comply with these requirements may result in Respondent being directed to file a new answer in conformance with these requirements.

---

that Petitioner's appeal to each of the Tennessee Court of Criminal Appeals, Tennessee Supreme Court, and United States Supreme Court is "pending." (Doc. No. 1 at 2-3).

Petitioner may file a reply to Respondent's answer limited to disputing specific points of fact or law raised by the answer within 30 days of the date the answer is filed. The Court will consider the matter ripe for review if Petitioner fails to file a reply, or to seek additional time to file a reply, within 30 days of the date the answer is filed.

In lieu of an answer, Respondent may file a motion. If Respondent files a motion, the motion shall comply with the requirements of the Federal Rules of Civil Procedure, *see* Habeas Rule 12, and where relevant, shall address the issues of exhaustion, timeliness, second or successive petitions, and/or other appropriate matters. In those instances, Respondent need not file the complete state court record at the time of filing his or her motion.

Petitioner may file a response to Respondent's motion within 30 days of the date the motion is filed. If Petitioner fails to timely respond to Respondent's motion, or fails to seek additional time to respond, the Court may construe Petitioner's failure to respond as Petitioner's agreement that the motion has merit and may grant the motion without further briefing. Respondent may file a reply, or seek additional time to file a reply, within 15 days of the date Petitioner's response to the motion is filed.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE