IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM T. SHERROD, JR. #75874, | ) |
| Petitioner, | ) )  |
| | ) No. 3:24-cv-01484 |
| v. | ) ) |
| | ) JUDGE RICHARDSON |
| f/n/u FUSON, *Montgomery County Sheriff*, | ) MAGISTRATE JUDGE HOLMES |
| | ) |
| Respondent. | ) |

# MEMORANDUM OPINION AND ORDER

Pending before the Court is William T. Sherrod, Jr.'s pro se Amended Petition for Writ of Habeas Corpus ("Amended Petition") pursuant to 28 U.S.C. § 2254. (Doc. No. 14).[1]

Respondent filed a Motion to Dismiss the Amended Petition (Doc. No. 27), to which Petitioner responded in opposition (Doc. No. 31). Petitioner subsequently filed a "2nd Amended Petition for Habeas Corpus Relief" (Doc. No. 32) and a "2nd Motion to Appoint Counsel" (Doc. No. 33).

As a preliminary matter, because Petitioner is no longer in physical custody of the Montgomery County Sheriff (*see* Doc. No. 24 at 1), the proper Respondent is the authority enforcing Petitioner's probationary sentence, the Montgomery County Adult Court Services Department. *See* Adult Probation, https://montgomerytn.gov/adult-probation (last accessed February 9, 2026); *see Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004) ("The proper respondent is the custodian who has the power to produce the petitioner before the habeas court.").

---

[1] Petitioner filed his Amended Petition after he entered a guilty plea and was released on probation. (*See* Doc. No. 24 at 1). "Probation's restraints on liberty suffice to satisfy the 'in custody' requirement" for habeas relief. *Lawrence v. 48th Dist. Ct.,* 560 F.3d 475, 480-81 (6th Cir. 2009). Thus, Petitioner's release did not moot his petition.

# I. SECOND AMENDED PETITION FOR HABEAS CORPUS RELIEF

After Respondent filed his Motion to Dismiss the Amended Habeas Petition, Petitioner filed a "2nd Amended Petition for Habeas Corpus Relief." (Doc. No. 32).

The Federal Rules of Civil Procedure apply to habeas proceedings through 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15 provides that:

> [a] party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(A)(B).

Petitioner's attempt to file his "Second" (which is actually his third)[2] Amended Petition came twenty-seven days after Respondent filed his Motion to Dismiss; therefore, Petitioner was required to file a motion for leave to amend. Although Petitioner did not file a separate motion to amend, Petitioner's latest amended petition begins with a request by Petitioner for the Court to accept the petition. (*See* Doc. No. 32 at 1). Given Petitioner's pro se status and the clarity brought by latest petition, the Court construes the petition as both proposed petition and motion to amend and will grant the motion to amend. The operative pleading in this case is now the petition filed at

---

[2] Petitioner filed his initial petition (Doc. No. 1); an amended petition (Doc. No. 14), which is the one to which Respondent responded (Doc. No. 27 at 1); a second amended petition (Doc. No. 24); and a third amended petition, titled by Petitioner as "2nd Amended Petition" (Doc. No. 32). Thus, even if the latest petition had been filed within the 21-day window, Petitioner still would have needed to file a motion to amend because he already had filed his one amended petition "as a matter of course." Fed. R. Civ. P. 15(a)(1)(A).

Docket No. 32, which is Petitioner's Third Amended Petition (though titled by Petitioner as his second).[3]

Notably, because an amended petition supersedes an original petition, the filing of the Third Amended Petition for Habeas Corpus Relief renders the pending Motion to Dismiss moot. *See Hayward v. Cleveland Clinic Foundation,* 759 F.3d 601, 617 (6th Cir. 2014) ("Generally, amended pleadings supersede original pleadings."); *see also Am. Guar. & Liab. Ins. Co. v. CTA Acoustics, Inc.,* No. 6:05-CV-80-KKC, 2008 WL 1924229, at *2 (E.D. Ky. Apr. 29, 2008) ("It is generally held that, because the amended complaint supersedes all previous complaints and becomes the only operative pleading, it renders moot any pending motions to dismiss the original complaint."); 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1476 (3d ed. updated July 7, 2023) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies . . . ."). Thus, Respondent's Motion to Dismiss (Doc. No. 27) will be denied as moot.

## II. MOTION TO APPOINT COUNSEL

Next, Plaintiff has filed a Motion to Appoint Counsel. (Doc. No. 33). The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.,* 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn.

---

[3] In the current petition, Petitioner references his "original Petition in general" when referring to "the Illinois Conviction" but he (appropriately) does not incorporate by reference any part of the original petition. (*See* Doc. No. 32 at 1). The particulars of his Illinois conviction appear in the state-court record filed by Respondent (*see e.g.*, Doc. No. 26-1 at 5) which Petitioner cites in his current petition (Doc. No. 32 at 2-4). Petitioner provides additional details and argument with regard to his Illinois conviction in his Affidavit attached to the current petition (*id*. at 5).

1977), aff'd, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

The Court previously denied Petitioner's request for the appointment of counsel. (*See* Doc. No. 7). In support of his second request for the appointment of counsel, Plaintiff states that, "In the Court's Memorandum opinion and order, document #21, pageID# 103 page 2 paragraph 2 the Court indicated that it could not understand Ptr's claims in his Petition." (Doc. No. 33 at 1). Thus, says Petitioner, "[t]he Court and Ptr would be better served by the appointment of counsel so that the Court can understand the claim in Ptr's action." (*Id.*)

In the Court's referenced Memorandum Opinion and Order entered on March 13, 2025, the Court noted that, "In Petitioner's 'Motion for Mixed Action' (Doc. No. 15), as best the Court can discern, he asks the Court to consider challenges to judgments of multiple courts (in two different states) in the instant habeas case." (Doc. No. 21 at 2). The Court found that, to the extent Petitioner's motion requests permission to challenge the judgments of a Tennessee state court and an Illinois state court in a single habeas petition, Petitioner's request was denied. (*Id.*)

Petitioner's Third Amended Petition for Habeas Corpus Relief (Doc. No. 32) explicitly clarifies that Petitioner wishes to "only challenge[] his Illinois conviction and not his Tennessee conviction." (*Id*. at 2). Thus, any confusion has been resolved. At this time, the Court finds that Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. Thus, his Motion to Appoint Counsel (Doc. No. 33) will be denied without prejudice.

## III. VENUE

As noted above, the Third Amended Petition for Habeas Corpus Relief challenges Petitioner's "Illinois conviction." The record reflects that the "Illinois conviction" is Petitioner's 2007 conviction in Chicago, Illinois for aggravated criminal sexual abuse and criminal sexual assault.[4] (Doc. No. 26-1 at 5).

Under 28 U.S.C. § 2241(d), a habeas petitioner may file in either the judicial district where a petitioner was convicted or the judicial district where he is currently incarcerated. Therefore, venue for this action is proper in both the Northern District of Illinois (the judicial district where Petitioner was convicted)[5] and the Middle District of Tennessee (the judicial district where Petitioner is currently in custody). However, a petitioner's place of confinement may change from time to time while the district of his conviction will remain constant. For this reason, it has been the consistent practice in the federal courts of Tennessee to transfer habeas petitions to the judicial district in which the convicting court is located.

In this case, the Northern District of Illinois (which includes Chicago) is the district of Petitioner's conviction which he challenges in this federal habeas action. Accordingly, this action

---

[4] Petitioner has unsuccessfully challenged his Illinois conviction in numerous actions in the United States District Court for the Northern District of Illinois. *See William T. Sherrod v. Dorothy Brown*, No. 21-cv-0608 (N.D. Ill. Feb. 3, 2021) (listing filings and recommending sanctions); *see also in re William T. Sherrod, Jr.*, No. 1:21-cv-01301 (N.D. Ill. Mar. 9, 2021) (imposing sanctions); *U.S. ex rel. Sherrod v. Chandler*, No. 10-CV-1973, 2011 WL 155785, at *4 (N.D. Ill. Apr. 19, 2011) (addressing the lack of merit in Petitioner's claim that "the trial court violated his Fourteenth Amendment due process rights because there was no factual basis on the record to support his guilty plea.").

[5] *U.S. ex rel. Sherrod v. Chandler*, No. 10-CV-1973, 2011 WL 155785, at *1 (N.D. Ill. Apr. 19, 2011), makes clear that the Petitioner was convicted in the Northern District of Illinois, Eastern Division.

will be transferred to the United States District Court for the Northern District of Illinois, Eastern Division. 28 U.S.C. § 93(a)(1).

## IV. CONCLUSION

For the reasons explained herein, the Court construes Doc. No. 32 as both proposed petition and motion to amend the petition and **GRANTS** the motion to amend.

Respondent's Motion to Dismiss (Doc. No. 27) is **DENIED AS MOOT**.

Petitioner's Motion to Appoint Counsel (Doc. No. 33) is **DENIED WITHOUT PREJUDICE**.

The Clerk **SHALL** transfer this action to the United States District Court for the Northern District of Illinois, Eastern Division. 28 U.S.C. § 93(a)(1). All future submissions by Petitioner shall be filed in that Court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE